UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUENTIN M. NEAL,

        Plaintiff,

        v.                                             Case No. 22-cv-832-bhl

ROBERT WEINMAN, et al.,

        Defendants.

---

## SCREENING ORDER

---

        Plaintiff Quentin M. Neal, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Neal's motion for leave to proceed without prepayment the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

        Neal requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Neal filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed and paid an initial partial filing fee of $11.95. The Court will grant Neal's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Neal is an inmate at the Waupun Correctional Institution. Dkt. No. 1 at 1. Defendants are Dr. Cheryl Jeanpierre, Health Services Unit (HSU) Manager Robert Weinman, HSU Assistant Manager Ashley Haseleu, and Dr. Eric Nelson. *Id*. at 2.

On April 5, 2022, Neal injured his leg while playing basketball. *Id*. He felt a painful pop in his heel and his leg completely gave out. *Id*. Neal tried to get medical care for his injury, but Dr. Jeanpierre, Weinman, and Haseleu immediately "minimized" his injury claiming it was just a "cramp" or a "Charlie horse." *Id.* Neal reported that he was in severe pain, but they only gave him mild pain relief medication that did not work. *Id*. The pain was so severe that even correctional staff noticed and pulled him from his prison job. *Id*.

About six weeks later, on May 18, 2022, Neal got an MRI, which showed a partially torn Achilles tendon, osteochondral defect to his anterior talar dome, and midfoot degenerative change. *Id*. A few weeks after that, on July 7, 2022, Neal had a Zoom appointment with Dr. Nelson to discuss treatment options. *Id*. Dr. Nelson ended the call in 3-4 minutes, claiming "you are not at liberty to chose treatment options here." *Id*. It appears Dr. Nelson did not order any treatment at all following the appointment. *Id*. Neal has been "forc[ed] [] to heal without treatment." *Id*. For relief, he seeks monetary damages and an injunction requiring Defendants to provide some medical care. *Id*. at 3.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

3

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

"[T]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim, Neal must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the defendants were subjectively deliberately indifferent to that condition. *Id*. at 727–28. In the prison medical care context, a prison official can show deliberate indifference by: (1) ignoring a request for medical assistance; (2) refusing to take instructions from a specialist; (3) persisting in a course of treatment known to be ineffective; (4) choosing an easier and less efficacious treatment without exercising medical judgment; and (5) delaying treatment which serves no penological interest. *Id.* at 729-31.

Neal's partially torn Achilles tendon is an objectively serious medical condition. *Petties*, 836 F.3d 722, 728 (7th Cir. 2016) ("[A]n Achilles tendon rupture is an objectively serious condition.") Moreover, Neal alleges that Dr. Jeanpierre, Weinman, Haseleu, and Dr. Nelson refused to properly treat the condition. Dr. Jeanpierre, Weinman, and Haseleu allegedly minimized his injury, prescribed mild pain relief that did not work, then persisted in that course of treatment that was known to be ineffective. Dr. Nelson altogether refused to discuss treatment options and allegedly left him to heal without any treatment. Although Weinman and Haseleu (as HSU managers) likely could not overrule Dr. Jeanpierre and/or Dr. Nelson's treatment decisions, the Seventh Circuit has explained, "a nurse confronted with an inappropriate or questionable practice should not simply defer to that practice, but rather has a professional obligation to the patient to

4

take appropriate action, whether by discussing the nurse's concerns with the treating physician or by contacting a responsible administrator or higher authority." *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010); *see also Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 (7th Cir. 2022) ("As a general matter, a nurse can, and indeed must, defer to a treating physician's instructions…However, that deference cannot be blind or unthinking.") Neal alleges a fairly significant injury for which he allegedly received no treatment. Thus, at this stage of the litigation, Neal may proceed on an Eighth Amendment claim that Dr. Jeanpierre, Weinman, Haseleu, and Dr. Nelson were deliberately indifferent towards his Achilles tendon injury.

## Conclusion

The Court finds that Neal may proceed on an Eighth Amendment claim that Dr. Jeanpierre, Weinman, Haseleu, and Dr. Nelson were deliberately indifferent towards his Achilles tendon injury.

**IT IS THEREFORE ORDERED** that Neal's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Neal's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Cheryl Jeanpierre, Robert Weinman, Ashley Haseleu, and Dr. Eric Nelson.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Cheryl Jeanpierre, Robert Weinman, Ashley Haseleu, and Dr. Eric Nelson shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Neal shall collect from his institution trust account the **$338.05** balance of the filing fee by collecting monthly payments from Neal's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Neal is transferred to another institution, the transferring institution shall forward a copy of this Order along with Neal's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Neal is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Neal may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on August 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge